**BROWN & CONNERY, LLP**
Jennifer A. Harris, Esq.
6 North Broad Street
Woodbury, New Jersey 08096
(856) 812-8900
*Attorneys for Defendant, TD Bank, N.A.*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| |
|---|
| EDWARD D. QUINN IV and MICHELLE M. QUINN, |
| Plaintiffs, |
| v. |
| TD BANK, N.A., |
| Defendant. |

Civil Action No.:

**NOTICE OF REMOVAL**

**TO:    CLERK OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY**

**PLEASE TAKE NOTICE** that Defendant, TD Bank, N.A. ("TD Bank"), removes this action from the Superior Court of New Jersey, Law Division, Burlington County, to the United States District Court for the District of New Jersey, pursuant to 28 U.S.C. §§ 1441 and 1446, and based upon the following:

1.     On July 1, 2025, Plaintiffs filed a Complaint against TD Bank in the Superior Court of New Jersey, Law Division, Burlington County, under Docket Number BUR-L-1464-25 (the "State Court Action").  Pursuant to 28 U.S.C. § 1446(a), a true and accurate copy of Plaintiffs' Complaint is attached hereto as Exhibit A.

2.     TD Bank was served with the Complaint on July 9, 2025.

7TN5731

3.      TD Bank's Notice of Removal is timely filed, pursuant to 28 U.S.C. § 1446(b), because this action was removed within thirty (30) days of receiving "a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."

4.      Venue is proper in this district, under 28 U.S.C. § 1441(a), because the Superior Court of New Jersey, Burlington County, is located within the District of New Jersey.

5.      The Court has original jurisdiction over this action, pursuant to 28 U.S.C. § 1332, because there is complete diversity of citizenship and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

6.      For determining diversity in a matter involving a natural person, "[c]itizenship is synonymous with domicile, and 'the domicile of an individual is his true, fixed and permanent home and place of habitation. It is the place to which, whenever he is absent, he has the intention of returning.'" Freidrich v. Davis, 767 F.3d 374, 377 (3d Cir. 2014) (quoting McCann v. George W. Newman Irrevocable Tr., 458 F.3d 281, 286 (3d Cir. 2006)).

7.      Plaintiff, Edward D. Quinn IV, is a citizen of the State of New Jersey because he is domiciled in New Jersey. See Exhibit A, Compl. at ¶ 1.

8.      Plaintiff, Michelle M. Quinn, is a citizen of the State of New Jersey because she is domiciled in New Jersey. See Exhibit A, Compl. at ¶ 2.

9.      Defendant, TD Bank is a citizen of the State of Delaware because TD Bank is a national banking association with its main office in Delaware, as designated in its articles of association. Wachovia Bank v. Schmidt, 546 U.S. 303, 313, 318 (2006) (For diversity purposes, a national bank's citizenship is "in the State designated in its articles of association as its main office."). Attached hereto as Exhibit B is an excerpt from the Office of the Comptroller of the Currency, List of Active Institutions, indicating TD Bank's Delaware main office location, and

available                        at                        https://www.occ.treas.gov/institution-search/details?q=td%20bank&charter=24096&name=TD%20Bank,%20National%20Association&city=Wilmington&state=DE&info=ner

10.    Based on the relief sought and Plaintiffs' allegations, TD Bank asserts in good faith that the amount in controversy exceeds $75,000.00. See Exhibit A, Compl. at ¶ 25 ("The January 18, 2022 modification agreement provided for a new principal balance due of $94,229.43…"); See also Count Four of the Complaint (New Jersey Consumer Fraud Act) which seeks treble damages, amongst other relief.

11.    Pursuant to 28 U.S.C. § 1446(d), TD Bank has provided Plaintiffs with written notice of the filing of this Notice of Removal, and a copy of the Notice of Removal was filed with the Superior Court of New Jersey, Burlington County, Law Division.

12.    Based on the foregoing, the State Court Action is properly removed.

13.    TD Bank reserves the right to amend or supplement this Notice of Removal.

14.    TD Bank appears solely for the purpose of removal and for no other purpose, and hereby reserves all rights and defenses.

**WHEREFORE**, TD Bank, N.A. requests that the State Court Action be removed to the United States District Court for the District of New Jersey, and that this Court accepts jurisdiction and places this action on the docket for further proceedings.

Respectfully Submitted,
BROWN & CONNERY, LLP
*Attorneys for Defendant,*
*TD Bank, N.A.*

*/s/ Jennifer A. Harris*
Jennifer A. Harris

Dated: August 8, 2025

3

# EXHIBIT A

**LEVITT & SLAFKES, P.C.**
**515 Valley Street, Suite 140**
**Maplewood, New Jersey 07040**
**(973) 313-1200**
**(973) 313-1240 (fax)**
**By: Bruce H. Levitt (I.D. No. 5941984)**
**Attorneys for Plaintiffs Edward D. Quinn IV and Michelle M. Quinn**

| | |
|---|---|
| **EDWARD D. QUINN IV and** <br> **MICHELLE M. QUINN,** | **: SUPERIOR COURT OF NEW JERSEY** <br> **: LAW DIVISION: BURLINGTON COUNTY** <br> : |
| **Plaintiffs,** | : <br> **: Docket No.** |
| **vs.** | : <br> : |
| **TD BANK, N.A.,** | **: COMPLAINT AND JURY DEMAND** <br> : <br> : |
| **Defendant.** | : <br> : |

Plaintiffs, Edward D. Quinn IV and Michelle M. Quinn, by and through counsel, Levitt &

Slafkes, P.C., by way of Complaint against Defendant says as follows:

## THE PARTIES

1.  Plaintiff Edward D. Quinn IV is an individual residing at 2 Kirkdale Drive, Marlton,

New Jersey 08053.

2.  Plaintiff Michelle M. Quinn, is an individual residing at 2 Kirkdale Drive, Marlton,

New Jersey 08053 and is the wife of Plaintiff Edward D. Quinn IV

3.  Defendant TD Bank, N.A. is a banking institution with corporate offices located at

1701 Route 70E, Cherry Hill, New Jersey 08003.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

4.  At all relevant times, Plaintiffs have been the owners of the home located at 2

Kirkdale Drive, Marlton, New Jersey 08053 ("the home").

5. On or about February 19, 2009, Plaintiff Edward D. Quinn IV, Edward D. Quinn III and Nathan Supnick executed a Home Equity Line of Credit Agreement & Disclosure Statement in favor of Defendant in the amount of $130,000.00 ("the loan").

6. On February 19, 2009, Plaintiffs Edward D. Quinn IV and Michelle M. Quinn executed a mortgage on the home in favor of Defendant to secure repayment of the loan ("the mortgage".

7. On December 1, 2014, co-borrower Edward D. Quinn III filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code. A Chapter 7 discharge was entered on July 17, 2015.

8. On May 11, 2015, co-borrower Nathan Supnick filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code. A Chapter 7 discharge was issued on August 28, 2015.

9. On September 19, 2019 co-borrower Edward D. Quinn III died.

10. After the bankruptcy filings by the co-borrowers, Plaintiff Edward D. Quinn IV continued to personally make the monthly payments due on the loan, but ultimately defaulted in or about 2019.

11. After the default, Plaintiffs submitted a Request for Mortgage Assistance to Defendant.

12. In or about February, 2020, Plaintiffs were informed by Kevin Perry, an employee of Defendant, that in order for Plaintiff to be approved for a loan modification, Catherine Sophie Quinn, the widow of Edward D. Quinn III would have to become a successor in interest on the loan.

13. Catherine Sophie Quinn, signed the necessary documents to become a successor in interest on the loan in or about March, 2020 and those documents were forwarded to Defendant.

14. On or about March 12, 2020, Defendant sent Plaintiff Edward D. Quinn IV a loan modification agreement which modified the terms of the mortgage effective March 12, 2020. (hereafter referred to as the "March 12, 2020 modification agreement"). The Agreement provided for a principal balance due of $86,968.34, payable in monthly payments of $851.72 for 120 months at an interest rate of 3.29%.

15. Despite requiring Catherine Sophie Quinn to become a successor in interest to obtain the modification, the March 12, 2020 modification agreement required only the signature of Plaintiff Edward D. Quinn IV.

16. On or about March 23, 2020, Plaintiff Edward D. Quinn IV signed and returned the modification agreement to Defendant.

17. Plaintiff Edward D. Quinn IV made the first payment due under the March 12, 2020 modification agreement.

18. Shortly after the March 12, 2020 modification agreement became effective, Plaintiff Edward D. Quinn IV received a COVID loan forbearance.

19. The loan forbearance continued through September, 2021.

20. When Plaintiff Edward D. Quinn IV contacted Defendant to resume his mortgage payments at the conclusion of the forbearance, Defendant required Plaintiff Edward D. Quinn IV to submit a new request for mortgage assistance.

21. Thereafter, on or about November 10, 2021, Defendant sent Plaintiff Edward D. Quinn IV a new modification agreement which modified the terms of the mortgage effective November 10, 2021 (hereafter referred to as the "November 10, 2021 modification agreement").

The Agreement provided for a principal balance due of $86,968.34, payable in monthly payments of $326.18 for 480 months at an interest rate of 3.29%.

22.   The November 10, 2021 modification agreement required only the signature of Plaintiff Edward D. Quinn IV.

23.   On or about November 16, 2021, Plaintiff Edward D. Quinn IV signed and returned the modification agreement to Defendant.

24.   Plaintiff Edward D. Quinn IV made the first payment due under the November 10, 2021 modification agreement.

25.   Before the next payment was due on the November 10, 2021 modification agreement, on or about January 18, 2022, Defendant sent Plaintiff Edward D. Quinn IV a new modification agreement which modified the terms of the mortgage (hereafter referred to as the "January 18, 2022 modification agreement"). The January 18, 2022 modification agreement provided for a new principal balance due of $94,229.43 (which amount included all outstanding amounts due), payable in monthly payments of $353.15 for 480 months beginning on February 15, 2022 at an interest rate of 3.29%.

26.   The January 18, 2022 modification agreement required only the signature of Plaintiff Edward D. Quinn IV.

27.   On or about January 24, 2022, Plaintiff Edward D. Quinn IV signed and returned the modification agreement to Defendant.

28.   On or about February 7, 2022, Defendant sent Plaintiff Edward D. Quinn IV a new modification agreement the terms of which were identical to those set forth in the January 18, 2022 modification agreement (hereafter referred to as the "February 7, 2022 modification agreement"), except that it also required the signature of Nathan Supnick.

29. At no time was Nathan Supnick an owner of the home, nor did he ever join in any request made to Defendant for mortgage assistance.

30. The debt owed by Nathan Supnick to Defendant was discharged in bankruptcy on August 28, 2015.

31. The debt owed by Nathan Supnick to Defendant was never reaffirmed in the bankruptcy proceeding.

32. Plaintiff Edward D. Quinn IV requested Nathan Supnick to sign the loan modification agreement.

33. Nathan Supnick refused to sign the loan modification agreement on the advice of his bankruptcy counsel.

34. Plaintiff Edward D. Quinn IV advised Defendant that Nathan Supnick would not sign the loan modification agreement.

35. Plaintiff Edward D. Quinn IV affixed his signature to the February 7, 2022 modification agreement and returned it to Defendant.

36. Plaintiff Edward D. Quinn IV made all payments due under both the January 18, 2022 modification agreement and February 7, 2022 modification agreement until January, 2023 when Defendant refused to accept any further payments.

37. At all relevant times, Defendant has failed and refused to send monthly mortgage statements to Plaintiff Edward D. Quinn IV, despite repeated requests to do so.

38. Plaintiff Edward D. Quinn IV remains ready, willing and able to perform all obligations under both the January 18, 2022 modification agreement and February 7, 2022 modification agreements.

## FIRST COUNT
## (Breach of Contract)

39.  Plaintiffs repeat and re-allege the allegations set forth in Paragraphs 1 through 38 of this Complaint and incorporate same herein by reference.

40.  The January 18, 2022  modification agreement and February 7, 2022 modification agreement were both prepared by Defendant and signed by Plaintiff Edward D. Quinn IV. The terms of those agreements create binding contracts between Plaintiff Edward D. Quinn  IV and Defendant.

41.  Defendant breached the terms of both the January 18, 2022  modification agreement and February 7, 2022 modification agreement by refusing to accept Plaintiff Edward D. Quinn IV's monthly payments commencing in January of 2023.

42.  Defendant further breached the terms of both the January 18, 2022  modification agreement and February 7, 2022 modification agreement by adding monthly late charges and demanding monthly payments from Plaintiff Edward D. Quinn IV in excess of the amount set forth therein.

43.  Defendant's breaches have caused damage to Plaintiff Edward D. Quinn  IV, including, but not limited to: loss of the benefit of the terms of the January 18, 2022 modification agreement and February 7, 2022 modification agreement, harm to his credit, increased and unnecessary arrears, adding additional and unnecessary fees to the mortgage balance, causing him to expend funds for attorney's fees, and causing anxiety, stress and the fear of losing his home.

**WHEREFORE**, Plaintiff Edward D. Quinn IV prays for relief as follows:

A.    Requiring the Defendant to implement the terms set forth in the January 18, 2022 modification agreement and February 7, 2022 modification agreement;

B.   For compensatory and consequential damages;

C.   Attorney's fees and costs of suit; and

D.   Such other and further relief as this Court deems just and equitable.

## COUNT TWO
### (Covenant of Good Faith and Fair Dealing)

44.   Plaintiffs repeat and re-allege the allegations set forth in Paragraphs 1 through 43 of this Complaint and incorporate same herein by reference.

45.   Both the initial loan documents between Plaintiff Edward D. Quinn IV and Defendant, as well as all subsequent modification agreements, imposed a duty of good faith and fair dealing on the Defendant.

46.   Defendant breached its duty of good faith and fair dealing by failing to honestly and/or effectively honor the terms set forth in both the January 18, 2022 and February 7, 2022 modification agreements and failing to accept payments in or about January, 2023.

47.   Defendant further breached its duty of good faith and fair dealing to Plaintiff Edward D. Quinn IV by adding late charges and demanding monthly payments from Plaintiff Edward D. Quinn IV in excess of the amounts set forth in both the January 18, 2022 modification agreement and February 7, 2022 modification agreement.

48.   Defendant's breaches have caused damage to Plaintiff Edward D. Quinn IV, including, but not limited to: loss of the benefit of the terms of the January 18, 2022 modification agreement and February 7, 2022 modification agreement, harm to his credit, increased and unnecessary arrears, adding additional and unnecessary fees to the mortgage balance, causing him to expend funds for attorney's fees, and causing anxiety, stress and the fear of losing his home.

**WHEREFORE**, Plaintiff Edward D. Quinn IV prays for relief as follows:

A.    For compensatory and consequential damages;

B.    Attorney's fees and costs of suit; and

C.    Such other and further relief as this Court deems just and equitable.

## COUNT THREE
### (Specific Performance)

49.  Plaintiffs repeat and re-allege the allegations set forth in Paragraphs 1 through 48 of this Complaint and incorporate same herein by reference.

50.  Defendant offered Plaintiff Edward D. Quinn  IV identical modification terms in both the January 18, 2022 modification agreement and February 7, 2022 modification agreement.

51.  Upon acceptance of both the January 18, 2022  modification agreement and February 7, 2022 modification agreement, the terms of those agreements became legally enforceable contracts between the parties for mutual consideration.

52. Plaintiff Edward D. Quinn IV signed both the January 18, 2022  modification agreement and February 7, 2022 modification agreement after a COVID forbearance at the direction of Defendant.

53. The terms of the January 18, 2022  modification agreement and February 7, 2022 modification agreement allowed Plaintiff Edward D. Quinn  IV the opportunity to address the mortgage arrears which accrued during the forbearance and avoid losing the home to foreclosure.

54.  Plaintiff Edward D. Quinn  IV fully performed his obligations under both the January 18, 2022  modification agreement and February 7, 2022 modification agreement.

55.  Defendant breached the agreement by improperly requiring the signature of Nathan Supnick on a subsequent modification agreement knowing that Mr. Supnick was not on title to the home and had discharged his debt to Defendant in August, 2015.

56.  There is an inadequate remedy at law for Defendant's breach.

**WHEREFORE**, Plaintiff Edward D. Quinn IV prays for relief as follows:

A. For specific performance;

B. Attorney's fees and costs of suit; and

C. Such other and further relief as this Court deems just and equitable.

<u>**COUNT FOUR**</u>
**(New Jersey Consumer Fraud Act)**

57.   Plaintiffs repeat and re-allege the allegations set forth in Paragraphs 1 through 56 of this Complaint and incorporate same herein by reference.

58.   Plaintiffs and Defendant are "person[s]" as that term is defined in <u>N.J.S.A.:</u> 56:8-1.

59.   Plaintiffs relationship with the Defendant arose out of a "sale" as that term is defined in <u>N.J.S.A.</u> 56:8-1.

60.   At all relevant times Plaintiffs have been the owners of the home.

61.   When the loan was granted to Plaintiff Edward D. Quinn IV, Edward D. Quinn III and Nathan Supnick, Plaintiff Michelle M. Quinn was required to sign the mortgage.

62.   On March 12, 2020, Defendant issued a loan modification agreement to Plaintiff Edward D. Quinn, IV. At that time, Edward D. Quinn III was deceased and Nathan Supnick had received a bankruptcy discharge.

63.   While Defendant required Catherine Sophie Quinn to become a successor in interest to Edward D. Quinn III before issuing the March 12, 2020 loan modification agreement, the only signature required on that agreement was that of Plaintiff Edward D. Quinn IV. No signatures were required from Catherine Sophie Quinn, Nathan Supnick or Plaintiff Michelle M. Quinn.

64.   The March 12, 2020 modification agreement was signed by Defendant.

65. On November 10, 2021 and January 18, 2022, Defendant issued loan modification agreements to Defendant Edward D. Quinn IV, which required only his signature. No signatures were required from Catherine Sophie Quinn, Nathan Supnick or Plaintiff Michelle M. Quinn.

66. Plaintiff Edward D. Quinn IV signed and fully performed his obligations under both the November 20, 2021 and January 18, 2022 loan modification agreements.

67. Plaintiff Edward D. Quinn IV signed and fully performed his obligations under the February 7, 2022 loan modification agreement.

68. Defendant continued to accept monthly mortgage payments from Plaintiff Edward D. Quinn IV until January 2023.

69. Thereafter, Defendant unjustifiable and unreasonably refused to accept monthly mortgage payments.

70. Defendant continues to refuse to issue monthly mortgage statements to Plaintiff Edward D. Quinn IV.

71. Defendant is now requiring Defendant Edward D. Quinn IV to cure mortgage arrears based on the terms of the March 12, 2020 modification agreement.

72. Defendant's conduct as set forth herein, and without limitation, constituted unconscionable, unfair and deceptive commercial practices in violation of the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1, et seq.

73. Defendant's violations of the New Jersey Consumer Fraud Act have caused damage to Plaintiffs Edward D. Quinn and Michelle M. Quinn including, but not limited to: loss of the benefit of the terms of the January 18, 2022 and February 7, 2022 loan modification agreements, including the extended amortization term and resultant reduced monthly payment, harm to Edward D. Quinn IV's credit, increased and unnecessary arrears, adding additional and

unnecessary fees to the mortgage balance, causing them to expend funds for attorney's fees, and

causing anxiety, stress and the fear of losing their home.

    **WHEREFORE**, the Plaintiff Edward D. Quinn IV and Michelle M. Quinn pray for relief

as follows:

    A.    For compensatory and consequential damages;

    B.    Treble damages;

    C.    Attorney's fees and costs of suit; and

    D.    Such other and further relief as this Court deems just and equitable.

           **LEVITT & SLAFKES, P.C.**
           **Attorneys for Plaintiffs**

           By: _____
               **Bruce H. Levitt**

**Dated: July 1, 2025**

## REQUEST FOR JURY TRIAL

    Plaintiff seeks trial by jury as to all issues so triable.

           **LEVITT & SLAFKES, P.C.**
           **Attorneys for Plaintiffs**

           By: _____
               **Bruce H. Levitt**

**Dated: July 1, 2025**

## DESIGNATION OF TRIAL COUNSEL

    Bruce H. Levitt is designated as trial counsel in this matter.

           **LEVITT & SLAFKES, P.C.**
           **Attorneys for Plaintiffs**

           By: _____
               **Bruce H. Levitt**

**Dated: July 1, 2025**

## CERTIFICATION PURSUANT TO R. 4:5-1

I hereby certify that the matter in controversy herein is not the subject of any other action pending in any court nor of a pending arbitration proceeding and that no such action or arbitration is contemplated. I further certify that I am unaware of any other person who should be joined in this litigation.

I hereby certify that confidential personal identifiers have been redacted from documents now submitted to the Court, and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7(b).

I hereby certify that the foregoing statements made by me are true to the best of my information, knowledge and belief.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

**Bruce H. Levitt**

**Dated: July 1, 2025**

# Civil Case Information Statement

## Case Details: BURLINGTON | Civil Part Docket# L-001464-25

**Case Caption:** QUINN, IV EDWARD  VS T.D. BANK, NA

**Case Initiation Date:** 07/01/2025

**Attorney Name:** BRUCE H LEVITT

**Firm Name:** LEVITT & SLAFKES, PC

**Address:** 515 VALLEY ST STE 140

MAPLEWOOD NJ 07040

**Phone:** 9733131200

**Name of Party:** PLAINTIFF : Quinn, IV, Edward, D

**Name of Defendant's Primary Insurance Company**

(if known): None

**Case Type:** CONTRACT/COMMERCIAL TRANSACTION

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 6 JURORS

**Is this a professional malpractice case?** NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Does this case involve claims related to COVID-19?** NO

**Are sexual abuse claims alleged by: Edward D Quinn, IV?** NO

**Are sexual abuse claims alleged by: Michelle M Quinn?** NO

## THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
### CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** YES

**If yes, is that relationship:** Business

**Does the statute governing this case provide for payment of fees by the losing party?** YES

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
      **If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
      **If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** YES
**Medical Debt Claim?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

07/01/2025                                                                                    /s/ BRUCE H LEVITT
Dated                                                                                              Signed

# EXHIBIT B

Q

# Financial Institution Search

Search for a financial institution by name or charter number. Visit the Active Institutions list to confirm that the Office of the Comptroller of the Currency (OCC) regulates your financial institution.

For more information about this search, please visit the Financial Institution Search homepage.

| td bank | x | 🔍 |

Back to Search Results

## TD Bank, National Association (24096)

### Institution Information

**Corporate Address**
2035 Limestone Road
Wilmington, DE 19808

**Charter / License**
24096

**Status**
Active

**Institution Type**
National Bank

**Trust Bank**
No

**Charter Date**
06/01/2000

**Total Assets (000's)**
$366,507,088

**Total Assets Date**
03/31/2025

**FDIC Insurance Status**
Insured

**FDIC Certificate**
18409

**FRB RSSD**
497404

**Legal Entity Identifier (LEI)**
03D0JEWFDFUS0SEEKG89

| Related Institutions | Hide  |
| --- | --- |

**Institution Name:** BANKNORTH, NATIONAL ASSOCIATION

**City, State:** PORTLAND, ME

**Charter / License:** 24096

**Status:** Inactive

**Last Action:** 05/23/2005

**Action Type:** CA

**Institution Name:** Peoples Heritage Bank, N.A.

**City, State:** Portland, ME

**Charter / License:** 24096

**Status:** Inactive

**Last Action:** 07/09/2001

## Community Reinvestment Act (CRA) 

[Other CRA Resources](#)

**Last CRA Rating**
Outstanding

**Date**
Jul 1, 2025

**Details**
[Evaluation Document](#)

**CRA Trend (Rating)**

**Date:**          7/1/2025

**Outstanding:**   

**Satisfactory:**

**Needs to Improve:**

**Substantial Noncompliance:**

---

| | |
|---|---|
| **Date:** | 7/2/2021 |
| **Outstanding:** | ✔ |
| **Satisfactory:** | |
| **Needs to Improve:** | |
| **Substantial Noncompliance:** | |

---

## Enforcement Actions (EA) ⤢

### Most Recent Enforcement Actions

**Individual:**

| | |
|---|---|
| **Type*:** | CMP |
| **Amount:** | $450,000,000.00 |
| **Start Date:** | 10/9/2024 |
| **Start Document:** | AA-ENF-2024-78 |
| **Termination Date:** | |
| **Termination Document:** | |

---

**Individual:**

| | |
|---|---|
| **Type*:** | C&D |
| **Amount:** | $0.00 |
| **Start Date:** | 10/9/2024 |
| **Start Document:** | AA-ENF-2024-77 |
| **Termination Date:** | |
| **Termination Document:** | |

---

**Individual:**

| | |
|---|---|
| **Type\*:** | CMP |
| **Amount:** | $37,500,000.00 |
| **Start Date:** | 9/20/2013 |
| **Start Document:** | 2013-142 |
| **Termination Date:** | |
| **Termination Document:** | |

[*Enforcement Action Types](#)

This search does not include actions against Institution Affiliated Parties (IAPs). Launch EA search to find actions against individuals associated with this institution.

## Corporate Actions (CA)   

### Corporate actions completed within the last 30 years
There is a five day delay between when an application is received and when it becomes viewable.

| | |
|---|---|
| **Date:** | 12/31/2021 |
| **Type:** | Merger with Non-Bank - National Bank Survives |
| **Application Number:** | 2021-LB-215a3-323355 |
| **City, State:** | Wilmington, DE |

| | |
|---|---|
| **Date:** | 9/18/2017 |
| **Type:** | Business Combination - Non-Affiliate Merger |
| **Application Number:** | 2016-NE-Combination-293512 |
| **City, State:** | Wilmington, DE |

| | |
|---|---|
| **Date:** | 9/30/2010 |
| **Type:** | Business Combination - Affiliate Merger |

**Application Number:** 2010-NE-02-0016

**City, State:** WILMINGTON, DE

## Corporate Action References

Comptroller's Licensing Manual - The Comptroller's Licensing Manual consists of a series of booklets that explain the OCC's policies and procedures on key licensing topics. The OCC recommends reading the booklet before accessing the sample documents.

Weekly Bulletins - The Weekly Bulletin is the record of receipt and actions taken by the OCC on applications and notices filed by national banks, federal savings associations, and federal branches and agencies.

## External Data Resources

### Institution Searches

- FDIC Institution Search
- National Information Center Institution Search
- FFIEC UBPR & Call Reports